Helen B. Kim (CSB 138209)
Diana A. Sanders (CSB 296689)
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500
Fax: 310.282.2501
HKim@thompsoncoburn.com
DSanders@thompsoncoburn.com

Attorneys for Defendant
CHARTER COMMUNICATIONS OF
CALIFORNIA, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| JUDITH DAVIS | CASE NO. 5:15-cv-01302-VAP(SPx) |
| Plaintiff, | [CLASS ACTION] |
| v. | [HON. VIRGINIA A. PHILLIPS PRESIDING] |
| CHARTER COMMUNICATIONS OF CALIFORNIA, LLC, | DEFENDANT CHARTER COMMUNICATIONS OF CALIFORNIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR: |
| Defendant. | |
| | (1) NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |
| | (2) WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |
| | **DEMAND FOR JURY TRIAL** |

1

Defendant, Charter Communications of California, LLC ("Charter"), for its Answer to Plaintiff's First Amended Complaint ("First Amended Complaint"), which is subject to and without waiving the individual arbitrability of any claims pursuant to customer agreements, states as follows:

## NATURE OF THE ACTION

1.     Charter admits only that Plaintiff purports to bring this lawsuit on behalf of herself and a proposed nationwide class of certain alleged recipients of Charter telephone calls.  Charter denies any remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.     The allegations of Paragraph 2 contain only legal conclusions which do not require an answer; nevertheless, Charter admits that this Court has federal subject matter jurisdiction over this action.   Charter denies any remaining allegations in Paragraph 2.

3.     The allegations of Paragraph 3 contain only legal conclusions which do not require an answer; nevertheless, Charter admits that venue is proper in this Court.  Charter denies any remaining allegations in Paragraph 3.

## PARTIES

4.     Charter is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies the allegations in Paragraph 4.

5.     Charter admits that Charter Communications of California, LLC is organized under the laws of the State of Delaware with its principal place of business in Connecticut.  Charter denies any remaining allegations in Paragraph 5.  Charter specifically denies that Charter Communications of California, LLC does business on a nationwide basis.

6.     Charter admits that it hires independent third-party vendors to make outbound calls using names and telephone numbers provided by Charter.  Charter denies any remaining allegations in Paragraph 6.

## **FACTUAL ALLEGATIONS**

7.     Charter states that in February 2015, Plaintiff provided the following telephone number to Charter when she placed an order for service:  909-333-9648. Charter denies the remaining allegations in Paragraph 7.  Charter specifically denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.

8.     Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 8.

9.     Charter admits that it compensates the independent third-party vendors who Charter hires to make outbound calls.  Charter denies any remaining allegations in Paragraph 9.

10.     Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 10.

11.     Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 11.

12.     Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 12.

13.     Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 13.

14.     Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 14.

15.     Charter denies that it made any calls to Plaintiff; rather, any Charter-

related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 15.

16.    The allegations in Paragraph 16 contain only legal conclusions which do not require an answer; nevertheless, Charter admits that none of the calls alleged in the First Amended Complaint would have been made for an emergency purpose. Charter denies any remaining allegations in Paragraph 16.

17.    Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 17.

18.    Charter denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.  Charter denies the remaining allegations in Paragraph 18.

19.    Charter states that in February 2015, Plaintiff provided the following telephone number to Charter when she placed an order for service:  909-333-9648. Charter denies the remaining allegations in Paragraph 19.  Charter specifically denies that it made any calls to Plaintiff; rather, any Charter-related calls to Plaintiff were made by a third-party vendor.

20.    Charter denies the allegations in Paragraph 20.

21.    Charter denies the allegations in Paragraph 21.

## CLASS ALLEGATIONS

22.    Charter admits only that Plaintiff purports to bring this lawsuit on behalf of herself and a defined class.  Charter denies any remaining allegations in Paragraph 22.  Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

23.    Charter admits only that Plaintiff purports to bring this lawsuit on behalf of herself and a defined class.  Charter denies any remaining allegations in Paragraph 23.  Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

24.   Charter admits only that Plaintiff purports to bring this lawsuit on behalf of herself and a defined class.  Charter denies any remaining allegations in Paragraph 24.  Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

25.   Charter admits only that Plaintiff purports to bring this lawsuit on behalf of herself and a defined class.  Charter denies any remaining allegations in Paragraph 25.  Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

26.   Paragraph 26 contains no allegations for Charter to admit or to deny; nevertheless, to the extent Paragraph 26 contains any allegations, they are only legal conclusions which do not require an answer; nevertheless, Charter denies them. Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

27.   Paragraph 27 and its subparts contain no allegations for Charter to admit or to deny; nevertheless, to the extent Paragraph 27 and its subparts contain any allegations, they are only legal conclusions which do not require an answer; nevertheless, Charter denies them.  Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

28.   Charter denies the allegations in Paragraph 28.

29.   Paragraph 29 contains no allegations for Charter to admit or to deny; nevertheless, to the extent Paragraph 29 contains any allegations, they are only legal conclusions which do not require an answer; nevertheless, Charter denies them. Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

30.   Paragraph 30 contains no allegations for Charter to admit or to deny; nevertheless, to the extent Paragraph 30 contains any allegations, they are only legal conclusions which do not require an answer; nevertheless, Charter denies them. Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P.

23.

31.    Paragraph 31 contains no allegations for Charter to admit or to deny; nevertheless, to the extent Paragraph 31 contains any allegations, they are only legal conclusions which do not require an answer; nevertheless, Charter denies them. Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

32.    Charter denies the allegations in Paragraph 32.

33.    Paragraph 33 contains no allegations for Charter to admit or to deny; nevertheless, to the extent Paragraph 33 contains any allegations, they are only legal conclusions which do not require an answer; nevertheless, Charter denies them. Charter specifically denies that the proposed class is certifiable under Fed. R. Civ. P. 23.

34.    Charter denies the allegations in Paragraph 34.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 et seq.

35.    Charter incorporates by reference its responses to Paragraphs 1 through 34 for its answer to the allegations in Paragraph 35.

36.    Charter denies the allegations in Paragraph 36.

37.    Charter denies the allegations in Paragraph 37.

38.    Charter denies the allegations in Paragraph 38.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 et seq.

39.    Charter incorporates by reference its responses to Paragraphs 1 through 38 for its answer to the allegations in Paragraph 39.

40.    Charter denies the allegations in Paragraph 40.

41.    Charter denies the allegations in Paragraph 41.

6

42.     Charter denies the allegations in Paragraph 42.

## PRAYER FOR RELIEF

Charter denies that Plaintiff and the putative class members she seeks to represent are entitled to any relief prayed for in the First Amended Complaint and therefore denies their entitlement to the relief requested in the unnumbered paragraph captioned "PRAYER FOR RELIEF, including each of its subparts captioned "FIRST CAUSE OF ACTION" and "SECOND CAUSE OF ACTION."

## TRIAL BY JURY

43.     Charter joins in Plaintiff's demand for a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

Each and every allegation of the First Amended Complaint not expressly admitted is hereby denied.   Additionally, for its defenses to the First Amended Complaint, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Charter states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The First Amended Complaint and each purported cause of action contained therein fails to state a claim against Charter upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Consent)

The First Amended Complaint and each purported cause of action contained therein are barred to the extent that Plaintiff provided Charter with consent for the alleged calls, including, without limitation, "prior express consent" under the Telephone Consumer Protection Act ("TCPA").

## THIRD AFFIRMATIVE DEFENSE

### (Unconstitutional Vagueness and Over-Breadth)

Interpretations of the TCPA upon which the Plaintiff's First Amended Complaint is based are unconstitutionally vague and overbroad and thus violate the

1  due process clause of the Fifth Amendment to the United States Constitution, and
2  the due process provisions of the Fourteenth Amendment to the United States
3  Constitution.

4  **FOURTH AFFIRMATIVE DEFENSE**
5  (Lack of Control)

6  Any purported damages to Plaintiff or the purported class members, which
7  Charter continues to deny, are the result of the acts or omissions of persons or
8  entities over whom Charter has neither control nor responsibility.

9  **FIFTH AFFIRMATIVE DEFENSE**
10  (Defenses Specific to Class Members)

11  Charter has additional unique affirmative defenses applicable to different
12  putative members of Plaintiff's proposed class, including the individual arbitrability
13  of claims pursuant to customer agreements, consent, liability disclaimers and other
14  terms and conditions in customer agreements, statute of limitations and doctrine of
15  laches.  Charter reserves the right to assert such additional affirmative defenses as
16  the need arises, insofar as class certification has not been granted and is not
17  appropriate in this case.

18  **SIXTH AFFIRMATIVE DEFENSE**
19  (Excessive Penalties)

20  The statutory penalties sought by Plaintiff and members of the putative class
21  are excessive and thus violate the due process clause of the Fifth Amendment to the
22  United States Constitution, and the due process provision of the Fourteenth
23  Amendment to the United States Constitution.

24  **SEVENTH AFFIRMATIVE DEFENSE**
25  (Lack of Standing)

26  Plaintiff and members of the putative class have suffered no injury and do not
27  have standing to assert TCPA claims against Charter.

28

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

Plaintiff and members of the putative class have waived their right to recover herein, in whole or in part, and/or also barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

(Third Parties)

The matters that are the subject of this First Amended Complaint and the actions therein complained of are attributable to third parties over whom Charter had no control or right to control, and recovery is therefore barred or proportionately reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

(Substantial Compliance with Laws)

Charter is not liable to Plaintiff or members of any purported class because Charter acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Liability)

Charter is not liable to Plaintiff or members of any purported class because Charter did not use an "Automatic Telephone Dialing System" as defined under 47 U.S.C. § 227.

## TWELFTH AFFIRMATIVE DEFENSE

(Proportional Allocation of Fault)

Any damage, loss or liability sustained by Plaintiff or members of any purported class must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Charter, including other parties in this case and/or third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Authorization)

Charter did not authorize, ratify, encourage, participate in, aid, or abet any of the purported misconduct Plaintiff alleges.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The claims of Plaintiff and/or putative class members are barred on the basis that Plaintiff and/or the putative class members would be unjustly enriched if they were allowed to recover against Charter.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

The claims of Plaintiffs and/or putative class members may be barred, in whole or in part, by the doctrine of accord and satisfaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

The claims of Plaintiff and the putative class members may be barred, in whole or in part, on the basis that they failed to mitigate their damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(*De Minimis* Harm)

The contribution of Charter to Plaintiff's alleged harm, if any, was *de minimis*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Several Liability for Non-Economic Damages)

Plaintiff's damages, if any, constitute non-economic damages pursuant to California Code § 1431.2, such that Charter's liability, if any, is limited to the amount of Plaintiff's damages allocated to Charter in direction proportion to Charter's percentage of fault.

1

### NINETEENTH AFFIRMATIVE DEFENSE

2

(Fed. R. Civ. P. 23)

3     This action may not be maintained as a class action because the many

4     requirements incorporated into Fed. R. Civ. P. 23 are not met in this case.

5

### TWENTIETH AFFIRMATIVE DEFENSE

6

(Not Knowing or Willful)

7     Plaintiff and putative class members are precluded from any recovery from

8     Charter for alleged willful and knowing violations of the TCPA because any such

9     violations (which Charter denies occurred) would not have been willful or knowing.

10

### TWENTY-FIRST AFFIRMATIVE DEFENSE

11

(Reservation of Rights)

12     Charter reserves the right to raise additional affirmative defenses to which it

13     may be entitled or which may be developed in the course of discovery.

14     WHEREFORE, Charter respectfully requests this Court to enter judgment in

15     its favor, dismissing the First Amended Complaint, awarding Charter its costs

16     incurred in this action, and entering all other appropriate relief in favor of Charter.

17

18     DATED:  November 13, 2015          **THOMPSON COBURN LLP**

19

20

21                                        By: _____/s/ Helen B. Kim_____

22                                           **HELEN B. KIM**
                                             Attorneys for Defendant CHARTER

23                                           COMMUNICATIONS OF CALIFORNIA,
                                             LLC

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
4

     At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 2029 Century Park East, Suite 1900, Los Angeles, CA 90067.

5
6
7

     On November 13, 2015, I served true copies of the following document(s) described as **DEFENDANT CHARTER COMMUNICATIONS OF CALIFORNIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

8
9
10
11
12

    Todd M. Friedman, Esq.              Attorneys for Plaintiff
    Suren N. Weerasuriya, Esq.
    Adrian R. Bacon, Esq.
    Law Offices of Todd M. Friedman, P.C.
    324 S. Beverly Dr., # 725
    Beverly Hills, CA  90212
    Phone: (877) 206-4741
    Fax: (866) 633-0228

13
14
15

     **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

16
17

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

     Executed on November 13, 2015, at Los Angeles, California.

19

20

                              /s/  *Lauren Stevens*

21

22

23

24

25

26

27

28

1